IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2014 JUL 11 A 11: 17
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, a corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CASE NO. 3:14-cv-673-WKW |
| CONTEX CONSTRUCTION COMPANY, INC., a corporation; STACY MARABLE, an individual, BELINDA MARABLE, an individual, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR EXONERATION OF SURETY

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff **Ohio Casualty Insurance Company (Ohio Casualty)** is a corporation organized and existing under the laws of the state of Ohio which has its principal place of business in Fairfield, Ohio. Defendant Contex Construction Company, Inc. (Contex), is a corporation organized and existing pursuant to the laws of the State of Alabama which has its principal place of business in Macon County, Alabama. The individual Defendants are over the age of nineteen (19) years and reside within this Judicial District.

2. The construction projects made the subject of this action are located within this Judicial District, which is where most of the events relevant to this dispute occurred.

{B1798294}


3. Jurisdiction exists by virtue of the diversity of citizenship among the parties pursuant to 28 USC § 1332, and by the amount in controversy in this action which exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) excluding interest and costs.

4. Venue is appropriate in this District inasmuch as the corporate Defendant is headquartered therein and the individual Defendants are residents who have the requisite minimum contacts with this District.

## II.   FACTUAL ALLEGATIONS

5. At the request of the Defendants, Ohio Casualty has previously issued a series of performance and payments bonds on behalf of Contex with respect to the construction of public construction projects including Bond Number 4067727, issued with respect to the Renovations to Career Tech Project, and Bond Number 4067726, for the project known as the Tuskegee Institute Middle School. All bonds issued by Ohio Casualty are governed and controlled by the terms of the Alabama Public Works Act, codified at § 39-1-1, et seq. *Code of Alabama*, 1975.

6. Prior to the execution of the issuance of the aforesaid bonds, the Defendants, separately and severally, executed a General Indemnity Agreement (GIA) in favor of the Plaintiff, pursuant to which the Defendants promised to exonerate, indemnify, and hold Ohio Casualty harmless from any loss, cost or expense which might result from the issuance of any bond. A true and correct copy of said GIA is attached as Exhibit "A."

7. By letter dated November 5, 2012, the Alabama Public School and College Authority (APSCA), through its attorney, advised Ohio Casualty that Contex Construction and its subcontractors had failed to complete their work on the Career Tech project in a timely manner. The APSCA subsequently advised that a similar performance problem existed at the Tuskegee Institute Middle School project.

8. Pursuant to a general reservation of all rights, claims and defenses, Ohio Casualty undertook to investigate the aforesaid claims and has arranged for all work contemplated by the contract documents to be performed, and for the payment of all sums owed to the subcontractors and material suppliers. Both projects have been completed and are being used for their intended purpose.

9. To date, Ohio Casualty has incurred a loss in the amount of $470,497.80 through payments to subcontractors and suppliers to Contex. This amount does not include any payments for delay damages which have been claimed by the Macon County Board of Education, which Ohio Casualty disputes, but which represent an additional exposure to the surety in the amount of $282,072.00.

10. Ohio Casualty has demanded that the Defendants reimburse the losses incurred to date, and that the Defendants deposit collateral in the amount of $750,000.00 pending resolution of all claims against the bonds. The Defendants have failed to respond and perform their obligations as set forth in the GIA.

11.     Defendant, Belinda Marable, by and through her attorney, has advised that she disputes that she is bound by the General Indemnity Agreement and that her signature appearing thereon is not authentic nor genuine.

12.     The signatures of both individual indemnitors (Stacey Marable and Belinda Marable) were witnessed and notarized by Christine C. Glass, and accordingly, a presumption of authenticity exists with respect to each signature.

13.     Having arranged for completion of the projects and satisfied the claims of the subcontractors and material suppliers thereto, Ohio Casualty is equitably subrogated to all rights of the ASPCA, Contex, and the subcontractors and suppliers with respect to all contract funds remaining in the possession of the ASPCA.  Ohio Casualty has repeatedly requested an accounting from the ASPCA as to the contract funds.  To date, the ASPCA has failed and refused to provide the requested information to which Ohio Casualty, as surety, is entitled.

### III. CLAIMS FOR RELIEF

### COUNT I

### EXONERATION AND SPECIFIC PERFORMANCE

14.     Ohio Casualty adopts and re-alleges all averments of the Complaint as if set forth and full herein.

15.     By virtue of the laws governing the relationship of principal and surety, and by virtue of the express terms of the General Indemnity Agreement, Ohio Casualty is

entitled to immediate exoneration and is further entitled to specific performance of the obligations of the Defendants as set forth in the GIA.

WHEREFORE, PREMISES CONSIDERED, Ohio Casualty respectfully requests this Court will assume jurisdiction over this cause and will promptly Order, Adjudge and Decree that the Defendants, separately and severally, shall perform the following acts:

a) That the Defendants immediately deposit with Ohio Casualty such sums of money or other security or property in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), to be held by Ohio Casualty as collateral security pending final disposition of all claims against the bonds;

b) That the Defendants, separately and severally, allow Ohio Casualty full and immediate access to the business books, records and accounts of the Defendants;

c) That the Defendants, separately and severally, render a full and complete accounting to the Court and Ohio Casualty as to any and all assets owned or controlled by them, or in which any of them have any interests, or in which they have had an interest at any time during the past three (3) years, and to further provide Ohio Casualty immediate access to all books and records which in any manner relate, or pertain to the financial affairs of the Defendants;

d) That the Defendants, separately and severally, immediate indemnify Ohio Casualty with respect to any cost, expense, legal fees, and all other loss which Ohio Casualty, as surety, has sustained to date or which it may sustain in the future by virtue of the issuance of the aforesaid bonds on behalf of Contex Construction, and

e) That the Defendants, separately and severally, be required to specifically perform all other obligations as specified in the GIA so as to accomplish the exoneration and indemnification of Ohio Casualty.

## COUNT II

### *QUIA TIMET* AND PRELIMINARY INJUNCTION

16. Ohio Casualty adopts and re-avers all substantive allegations of the Complaint as if set forth in full herein.

17. By virtue of the remedies of exoneration and *quia timet*, and by virtue of the express terms of the GIAs, Ohio Casualty requests the Court to enter and impose immediate equitable relief consisting of an Order:

(a) Enjoining and restraining the defendants, separately and severally, their agents, servants, employees, attorneys, assigns and all other persons in active concert and participation with them, pending a final hearing and determination of this cause, from selling, mortgaging, leasing, transferring, or in any manner disposing of or dealing with any of their properties, whether real, personal, cash, land, securities or chattels, against which Ohio Casualty would be entitled to a levy of execution for payment of any judgment or which could be used to respond to an Order requiring defendants to specifically perform their obligations under the GIAs, and further, any of their books of accounts, contracts, agreements, vouchers, journals, files, correspondence, ledgers, balance sheets, annual reports, tax records, financial reports, accounts receivable, inventories, motor vehicle records and all other business records in any form or nature whatsoever;

(b) Requiring the defendants, separately and severally, to make an accounting within ten (10) calendar days to this Court in the form of a sworn affidavit as to the nature, extent and existence of any and all assets of said defendants, and as to the disposition of any and all assets possessed by said defendants or coming within their custody or control within the last one hundred and eighty (180) days next preceding the date of the Order of this Court;

(c) Marshaling and sequestering the assets of the defendants for purposes of exonerating the surety and retiring the debts of the defendants to the bond obligees and claimants;

(d) Ordering the defendants, separately and severally, to deposit with the surety assets or other securities sufficient to secure Ohio Casualty from its anticipated losses; and

(e) Such other relief as may be equitable under the circumstances.

18. Plaintiff seeks injunctive relief on the grounds that:

(a) Unless restrained by this Court, plaintiff justifiably fears the defendants may perform such acts sought by Ohio Casualty to be prohibited;

(b) Such action by the defendants will result in irreparable harm, injury and loss to plaintiff in that the assets of the defendants, absent an injunction, could be expended for purposes other than retiring the defendants' obligations to the bond obligees and claimants;

(c) The issuance of the requested injunctive relief will cause neither undue inconvenience nor hardship to the defendants, but will prevent irreparable harm to the plaintiff; and

(d) The issuance of an Order will preserve assets available for the specific performance of the GIAs and is consistent with the remedies and relief available to the surety under the doctrines of exoneration and *quia timet*.

WHEREFORE, PREMISES CONSIDERED, Ohio Casualty requests entry of injunctive and other equitable relief as aforesaid.

## COUNT III

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

19. Ohio Casualty adopts and re-avers all substantive allegations of the Complaint as if set forth in full herein.

20. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Ohio Casualty further moves and prays the Court for entry of a Temporary Restraining Order in the manner requested in Count II of this Complaint pending a hearing and determination of the issues in plaintiff's request for preliminary injunction.

21. Alternatively, Ohio Casualty requests that this Court temporarily enjoin and restrain the defendants, separately and severally, and all others in active concert and participation with them, from making or attempting to make any transfer or conveyance of assets and from selling, conveying, mortgaging, encumbering or in any other substantive manner dealing with any of their assets or property, pending disposition of the issues set forth in plaintiff's request for preliminary injunction.

22. In support of this application, plaintiff shows unto the Court that unless enjoined and restrained, defendants will engage in conduct which would result in immediate and irreparable injury, loss and damage to the plaintiff before the defendants and their attorneys can be heard in opposition.

WHEREFORE, PREMISES CONSIDERED, Ohio Casualty requests entry of a Temporary Restraining Order.

## COUNT IV

## DEMAND FOR JUDGMENT

23.  Ohio Casualty adopts and re-avers all substantive allegations of the Complaint as if set forth in full herein

24.  By virtue of the failure of the defendants to perform their obligations under the GIAs as aforesaid, Ohio Casualty is entitled to a judgment against said defendants, separately and severally, for losses incurred to date in the amount of $470,497.80, plus all interest permitted by law, all costs of this action, and all attorney's fees incurred by Ohio Casualty in enforcing the conditions the GIAs and in prosecuting this action, along with an Order requiring defendants, separately and severally, to deposit collateral in the amount of $750,000.00 pending the final disposition of this matter.

WHEREFORE, PREMISES CONSIDERED, Ohio Casualty moves as aforesaid.

_____
L. Graves Stiff, III (STI004)
Laura Lynn Lester Morris (LES014)
Attorneys for Plaintiff, Ohio Casualty
Insurance Company, a Corporation
STARNES DAVIS FLORIE, LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
E-mail: gstiff@starneslaw.com
         lll@starneslaw.com

## VERIFICATION

STATE OF ~~GEORGIA~~ Indiana )
)
COUNTY OF ~~GWINNETT~~ Johnson )

Before me the undersigned Notary Public, in and for said County and in said State, personally appeared James Rumpf, who being first duly sworn, deposes and says that he is a Senior Surety Claims Specialist for Liberty Mutual Surety and Ohio Casualty Insurance Company, that he actively handled the claims process for the bonds at issue, that he has personally reviewed the Verified Complaint, that he has personal knowledge of the matters stated therein, and that the allegations stated therein are true.

_____
James Rumpf

Given under my hand and seal this  8  day of July, 2014.

_____
Notary Public
My Commission Expires: 9-29-18

(OFFICIAL NOTARY SEAL)



OFFICIAL SEAL
CANDICE LYNN REESE
NOTARY PUBLIC - INDIANA
JOHNSON COUNTY
My Comm. Expires 09/29/2018

**PLAINTIFF'S ADDRESS:**
Ohio Casualty Insurance Company
2055 Sugarloaf Circle
Duluth, GA 30097

**DEFENDANTS TO BE SERVED PERSONALLY BY PRIVATE PROCESS SERVER AT:**

Contex Construction Company, Inc.
c/o Stacy Marable
824 Williamsburg Drive
Pike Road, Alabama 36064

10

{B1793027}

Contex Construction Company, Inc.
c/o Stacy Marable
502 Lakeview Road
Tuskegee, Alabama 36087

Stacy Marable
824 Williamsburg Drive
Pike Road, Alabama  36064

Stacy Marable
502 Lakeview Road
Tuskegee, Alabama 36087

Belinda Marable
824 Williamsburg Drive
Pike Road, Alabama  36064